ADKIN'S, Justice.
We have for review by petition for writ of certiorari, a decision of the Industrial Relations Commission which reversed a decision of the Judge of Industrial Claims.
Claimant, Rose Lee Hyman, was injured in the course and scope of her employment with Jacksonville Veneer Company. As a result of the injury, the employer-carrier has voluntarily provided temporary total disability, remedial care and treatment, and 5% permanent partial disability based on an anatomical rating, which rating was the highest advanced by any medical witness. Claimant then requested a hearing before the Judge of Industrial Claims contending that her permanent partial disability as measured by her loss of earning capacity is greater than the 5% functional disability. The Judge of Industrial Claims agreed and allowed a 20% disability. The Industrial Relations Commission reversed.
Mrs. Hyman has not worked since her injury November 1, 1967, and has not sought work, testifying that she knew she could not work. She was pregnant at the time ©f the accident and had planned to quit her job shortly after the time of the accident in any event. She remains at home now, doing some housework and caring for two small children, although she testified she is unable to work as efficiently now as before the accident because of the pain involved. She is obese, a factor which the medical witnesses felt contributed to or caused her low back pain. She is 44 years old with a high school education and no vocational training other than as a laborer.
On the basis of this evidence, the Judge of Industrial Claims found that Mrs. Hy-man had suffered permanent partial disability of 20% disability of the body as a whole, based upon her anatomical and functional disability and loss of wage earning capacity. The Judge of Industrial Claims stated:
“In making this finding, I have considered claimant’s age; her education (high school graduate); and work history which primarily involves laboring activities ; her anatomical rating; and the opinion of her initial primary treating orthopedic physician that she had recovered without permanent disability; as well as the manner in which claimant’s obesity and chronic postural strain may have complicated this injury and her recovery. I have also considered the fact that by claimant’s own uncontradicted testimony, she has not gone out and actively sought employment, thereby testing her employability or the effects of her injury in the open labor market. Having taken all of these factors into consideration, I find that twenty per cent (20%) disability of the body as a whole accurately represents claimant’s loss of wage earning capacity and her ability to compete in the open labor market.”
*70 The Industrial Relations Commission stated, in reversing the order of the Judge of Industrial Claims:
“We are of the opinion that there is sufficient evidence in the record to support a finding of five percent functional loss of use of the body as a whole. However, we can find nothing to support a loss of wage earning capacity.”
We agree. Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.